[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO CORRECT AND RECONSIDER
The plaintiff has filed a motion titled "Motion to Correct and Reconsider" this court's ruling on the plaintiff's motion to set aside a jury verdict rendered on February 17, 1995. In that CT Page 4633 motion, the plaintiff points out that this court entered an order at oral argument on March 6, 1995 allowing a retroactive amendment to a motion to set aside the verdict but then, in a memorandum of decision filed on March 27, 1995, treated the grounds raised in the amendment as having been waived by late filing.
The post-verdict procedural history of this case is as follows. The jury rendered a verdict in favor of the defendant on each of three claims in the complaint (negligence, contract, CUTPA). Within the five-day deadline imposed by P.B. § 320, the plaintiff filed a motion titled "Motion to Set Aside Verdict" (#162.00). The text of that motion is directed exclusively to the verdict as to the first claim, in which professional negligence was the cause of action asserted.
On March 3, 1995, the defendant filed an objection to the motion to set aside, addressing himself only to the issues in the negligence count.
On March 6, 1995, either at or shortly before oral argument on the motion to set aside the verdict, the plaintiff filed a motion titled "Amendment to Motion to Set Aside Verdict." This court erroneously ruled from the bench that this motion would relate back as an amendment to the timely motion to set aside.
Upon reflection, however, this court realized that since the original motion to set aside was limited to the negligence count, no timely motion had been filed as to the verdicts rendered in the other two counts, and this court so ruled in a written ruling on the merits of the motion to set aside filed on March 24, 1995. General Statutes § 52-228b requires a party who moves to set aside a verdict to state the reasons relied upon in its support. The plaintiff failed to comply with this requirement in timely fashion with regard to any count other than the negligence count. Pedersenv. Vahidy, 209 Conn. 510, 516 (1989). The plaintiff did not, within five days of the verdict, file a motion stating any reason to set aside the verdict as to the contract or CUTPA claims. Where a time limit is imposed for the filing of a motion, it does not appear that such a deadline can be extended by amendment. This court should have noted clearly in its memorandum of decision that it was vacating the prior ruling allowing relation back and has regrettably caused confusion by failing to note the correction of the erroneous March 6 ruling.
This ruling is issued to remedy that omission. The court's CT Page 4634 determination, as stated in the Memorandum of Decision filed on March 24, 1995, is that the plaintiff failed to move to set aside the verdict as to the counts other than the negligence count within the time allowed, and judgment has therefore entered in accordance with the jury's verdict as to those counts.
Beverly J. Hodgson Judge of the Superior Court